**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO.:

ANDREW ADAMS,

     Plaintiff,

vs.

CIRCLE K STORES INC.,
a Foreign Profit Corporation,

     Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ANDREW ADAMS ("Mr. Adams" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, CIRCLE K STORES INC. ("Defendant" or "CIRCLE K"), and in connection therewith states as follows:

1. Plaintiff brings this action for disability discrimination and retaliation based on disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"), and for violation of Florida's Private Whistleblower Act, Section 448.102, Florida Statutes ("FWA").

2. Plaintiff is seeking damages including back pay, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages and his attorneys' fees and costs.

## PARTIES

3. Plaintiff is an adult individual who, at all times relevant, worked for Defendant in Broward County, Florida.

4.      CIRCLE K is a foreign profit corporation organized under the laws of the State of Texas that operates and conducts substantial business in Broward County, Florida, and is therefore within the jurisdiction of this Court.

5.      Plaintiff is or was, at all times relevant, a disabled male.  At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

    a.      Plaintiff was a disabled employee who suffered discrimination and harassment because of his disability by Defendant; and

    b.      Plaintiff was discriminated against and suffered adverse employment action, and was subjected to an increasingly hostile work environment, and ultimately termination, as a result of his disability, his requests for reasonable accommodation for same, and his objections to the discrimination.

6.      Defendant was at all material times an "employer" as defined by the ADA and by § 760.02(7), Fla. Stat., as it employed in excess of fifteen (15) employees.

7.      Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is a covered employer as defined by the FWA.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101, *et seq.*

9.      This Court has supplemental jurisdiction over Plaintiff's FCRA and FWA claims, as they arise out of the same set of operative facts and circumstances as his ADA claims.

10.     Plaintiff worked for Defendant in North Lauderdale, Broward County, Florida, and therefore the proper venue for this case is the Fort Lauderdale Division of the Southern District of Florida.

**CONDITIONS PRECEDENT**

11.     On September 14, 2023, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR").

12.     On June 18, 2024, The EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within ninety (90) days of his receipt of the same.

13.     More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

14.     Plaintiff timely files this action within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

15.     All conditions precedent to this action have been satisfied and/or waived.

**FACTUAL ALLEGATIONS**

16.     Mr. Adams worked for CIRCLE K at one of its convenience store locations in North Lauderdale, Broward County, Florida, from September 9, 2022, until his termination on November 18, 2022.

17.     In mid-September of 2022, Mr. Adams noticed mold growth on mops at his location and on food products stored in CIRCLE K's freezer, and noticed stacked boxes blocking egress from the store out one of the fire doors.

18.     On September 22, 2022, Mr. Adams objected to his CIRCLE K managers and supervisors, and to the Occupational Safety and Health Administration ("OSHA"), that CIRCLE K's actions violated, *inter alia*, Section 6-501.111 of the Food Code, 2022 Recommendations of

3

the United States Public Health Service, Food and Drug Administration, and Sections 64E-11.002 and 64E-11.003 of the Florida Administrative Code, as well as the Broward County Fire Code.

19.     Mr. Adams' objections constituted protected activity under the FWA as well as the Occupational Safety and Health Act ("the OSH Act").

20.     Mr. Adams' objections were to actual violations of, *inter alia*, Section 6-501.111 of the Food Code, 2022 Recommendations of the United States Public Health Service, Food and Drug Administration, and Sections 64E-11.002 and 64E-11.003 of the Florida Administrative Code, as well as the Broward County Fire Code.

21.     Alternatively, Mr. Adams' objections were to what Mr. Adams reasonably believed to be actual violations of, *inter alia*, Section 6-501.111 of the Food Code, 2022 Recommendations of the United States Public Health Service, Food and Drug Administration, and Sections 64E-11.002 and 64E-11.003 of the Florida Administrative Code, as well as the Broward County Fire Code.

22.     In early November of 2022, Mr. Adams disclosed to his CIRCLE K managers and supervisors that he suffers a disability, specifically bilateral compartment syndrome, putting him at risk of developing osteoarthritis.

23.     At that time, Mr. Adams requested reasonable, non-burdensome accommodation for his disabilities via CIRCLE K's Human Resources Department.

24.     Mr. Adams' requests for accommodation constituted protected activity under, *inter alia*, the ADA and the FCRA.

25.     On November 17, 2022, Mr. Adams sent pictures of mold on products in the freezer at his North Lauderdale, Florida CIRCLE K convenience store location to CIRCLE K's Human Resources Department, and objected to CIRCLE K that its actions violated, *inter alia*, the Broward

County Fire Code, Section 11(c) of the OSH Act, Section 6-501.111 of the Food Code, 2022 Recommendations of the United States Public Health Service, Food and Drug Administration, and Sections 64E-11.002 and 64E-11.003 of the Florida Administrative Code.

26.     Mr. Adams' objections constituted protected activity under the FWA and the OSH Act.

27.     Mr. Adams' objections were to actual violations of, *inter alia*, the Broward County Fire Code, Section 11(c) of the OSH Act, Section 6-501.111 of the Food Code, 2022 Recommendations of the United States Public Health Service, Food and Drug Administration, and Sections 64E-11.002 and 64E-11.003 of the Florida Administrative Code.

28.     Alternatively, Mr. Adams' objections were to what Mr. Adams reasonably believed to be actual violations of, *inter alia*, the Broward County Fire Code, Section 11(c) of the OSH Act, Section 6-501.111 of the Food Code, 2022 Recommendations of the United States Public Health Service, Food and Drug Administration, and Sections 64E-11.002 and 64E-11.003 of the Florida Administrative Code.

29.     The very next day, on November 18, 2022, approximately three (3) hours prior to the scheduled end of Mr. Adams' shift, CIRCLE K Store Manager Ana arrived at the store and told Mr. Adams to clock out and go home.

30.     Shortly thereafter, CIRCLE K Manager Ramcess Baptiste informed Mr. Adams that CIRCLE K had decided to terminate his employment, effective immediately.

31.     After November 18, 2022, neither Ana nor Mr. Baptiste permitted Mr. Adams to work at CIRCLE K's convenience store location.

32.     Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for its actions.

33. CIRCLE K terminated Mr. Adams owing to his disability, his requests for reasonable, non-burdensome accommodation, and his objections to CIRCLE K's violations of law.

34. Plaintiff was terminated in close temporal proximity to his objections to CIRCLE K's violations of law.

35. The actions of Defendant described hereinabove are indicative of a company that made an immediate and retaliatory termination decision, rather than that of a company with a well-thought-out and long-considered plan of termination.

36. Defendant terminated Plaintiff's employment because Plaintiff objected to and/or refused to participate in Defendant's violations of law.

37. The person or persons to whom Plaintiff voiced his objections to Defendant's violations of law was or were decision-makers in terms of retaliating against Plaintiff by terminating his employment.

38. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

39. Under Florida law, terminating an employee for objecting to a violation of law, rule, or Regulation, or the employee's reasonable belief that said conduct violates same, is a violation of the FWA. *See Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013) (To establish a violation of the Florida Whistleblower law, an employee must establish that: (1) he objected to or refused to participate in an illegal activity, policy, or practice, or what he reasonably believed to be illegal; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal). All of the above elements are met here.

6

40.     Given the timing of Defendant's adverse employment action(s), along with the surrounding circumstances, Defendant terminated Plaintiff's employment without good cause and because Plaintiff reported/objected to Defendant's violations of the law, or what he reasonably believed to be violations of law.  *See* Section 448.102(3), Florida Statutes.

41.     Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102, and qualified Mr. Adams as a whistleblower under the law.

42.     The timing of Plaintiff's disclosure of his disabilities, his requests for accommodation, his objections to CIRCLE K's violations of law, and CIRCLE K's termination of Plaintiff, creates a close temporal proximity between the events.

43.     Mr. Adams's health condition is considered a protected disability under the ADA and the FCRA.

44.     Plaintiff was qualified to perform the essential functions of the position, but CIRCLE K believed that due to his disability, Plaintiff could not continue employment with Defendant.

45.     The ADA and the FCRA require an employer to provide its disabled employees with reasonable accommodation, if such reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship.

46.      Defendant failed to accommodate Plaintiff's disability and related symptoms.

47.     Defendant's actions are the exact type of unfair employment practices that the ADA, the FCRA, and the FWA were intended to prevent.

48.     Defendant lacked a good faith basis for its actions.

49.     The facts surrounding Plaintiff's discharge create a  strong inference of disability discrimination and retaliation in violation of the ADA and the FCRA.

50.     CIRCLE K was aware of Mr. Adams's ADA- and FCRA-protected medical condition

and his need for accommodation.

51.     Defendant, however, being well aware of Plaintiff's disability, discriminated against Plaintiff for requiring and requesting reasonable accommodation for same, and terminated Plaintiff in retaliation for his requests for accommodation.

52.     Mr. Adams is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his position.

53.     Reasonable accommodation would have permitted Mr. Adams to perform his job duties, and would have imposed no undue hardship on Defendant.

54.     In the alternative, Defendant perceived/regarded Plaintiff as disabled based on the disclosure of his medical condition, and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

55.     Defendant's reason for terminating Plaintiff is direct evidence of its intent to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA and the FCRA.

56.     Defendant's termination of Plaintiff constitutes an adverse action as defined by the ADA and the FCRA.

57.     At all times material hereto, Plaintiff was ready, willing and able to perform his job duties with or without reasonable accommodation.

58.     Despite the availability of a reasonable accommodation under the ADA and the FCRA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, would not be, and had not previously been prevented by his medical condition from completing the assigned job duties, Defendant discriminated against Plaintiff based on his

8

disability and need for medical treatment/accommodation, and discharged Plaintiff in retaliation for his requests for accommodation.

59. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

60. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

61. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

62. Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

63. Any reason provided by Defendant for its discharge of Plaintiff is a pretext and cover-up for illegal discrimination and retaliation.

64. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, he is a member of a protected class as envisioned by the ADA and the FCRA.

65. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was discharged, because of his disability and/or "perceived disability."

66. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

67. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship. *Smith v.*

9

*Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

68. As a result of Defendant's unlawful, discriminatory, and retaliatory termination of Plaintiff, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

69. Plaintiff has suffered damages as a result of Defendant's conduct, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

70. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

71. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 6, 8 through 16, 22 through 24, 29 through 33, and 42 through 70 of the Complaint, above, as though fully set forth in this Count.

72. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

73. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

74. Defendant unlawfully terminated Plaintiff based on his medical condition and disability, and/or perceived disability, and his requests for accommodation.

75. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

76. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

10

77.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II- DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

78.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 6, 8 through 16, 22 through 24, 29 through 33, and 42 through 70 of the Complaint, above, as though fully set forth in this Count.

79.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

80.     The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

81.     Defendant unlawfully terminated Plaintiff based on his medical condition and disability, and/or perceived disability, and his requests for accommodation.

82.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

83.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, in order to deter it, and others, from such conduct in the future.

84.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses

11

pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**COUNT III**
**RETALIATION UNDER THE ADA**
**BASED ON DISABILITY**

79. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 6, 8 through 16, 22 through 24, 29 through 33, and 42 through 70 of the Complaint, above, as though fully set forth in this Count.

80. Plaintiff was terminated within close temporal proximity of his disclosure of his disability and his requests for accommodation.

81. Plaintiff's disclosures and his requests for accommodation constituted protected activity under the ADA.

82. Plaintiff was terminated as a direct result of his disclosures and his requests for accommodation for his disability.

83. Plaintiff's disclosures, requests for accommodation, and his termination are causally related.

84. Defendant's stated reasons for Plaintiff's termination are a pretext.

85. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

12

86.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

87.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

88.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT IV**
**RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT**
**BASED ON DISABILITY**

89.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 6, 8 through 16, 22 through 24, 29 through 33, and 42 through 70 of the Complaint, above, as though fully set forth in this Count.

90.     Plaintiff was discharged within close temporal proximity of his disclosure of his disability and his requests for accommodation.

91.     Plaintiff's disclosures and his requests for accommodation constituted protected activity under the FCRA.

92.     Plaintiff was terminated as a direct result of his disclosures and his requests for reasonable accommodation for his disability.

13

93.     Plaintiff's disclosures, requests for accommodation, and his termination are causally related.

94.     Defendant's stated reasons for Plaintiff's termination are a pretext.

95.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

96.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

97.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

98.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT
## UNLAWFUL RETALIATION

99.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 4, 7 through 10, 14 through 21, 25 through 42, 47 through 48, 63, and 68 through 70 of the Complaint, above, as though fully set forth in this Count.

14

100.   On November 18, 2022, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102, Florida Statutes.

101.   Plaintiff was retaliated against and terminated in violation of Section 448.102, Florida Statutes, for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant, and/or for refusing to participate in same.

102.   Plaintiff objected to a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, or regulation, and was terminated as a direct result of same, which constitutes a violation of the FWA.

103.   As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

*(Remainder of page left intentionally blank)*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 13th day of September, 2024.

Respectfully Submitted,

By: */s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St., Suite 316
Plantation, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*